Elijah F. Cook, Samuel Power, Alfred Judson, William Phelps, Warren Messenger, David Paddock, Isaac Paddock, and El-kanah B. Comstock, vs. Russel M. Wheeler:

First Circuit

Cook.
vs.
Wheeler.

By the general banking law, the directors and stockholders of banking institutions associated under it, are made liable for all deficits in consequence of insolvency.

If charged as fraudulent co-partners, they are equally liable for the entire amount of the indebtedness of the concern.

Where the object of the bill is merely to collect money, or reduce it to possession, it is not necessary for an assignee either of a bond, note, or *chose in action* to make the *cestuis que trust* parties, although the rule is otherwise where the existence or enjoyment of trust property is to be affected by the prayer of the bill.

This was a hearing on demurrer.

The bill was for a discovery, and stated that some time in the month of January, 1841, the defendant filed his bill in this court against complainants and others, as being or having been directors and stockholders of an institution established under the general banking law, and called the Clinton Canal Bank, charging them with a fraudulent combination to injure the creditors of said corporation or association, setting forth various particulars which he alleged to constitute such fraud, and seeking satisfaction from them individually, as being a creditor of said bank by reason of holding its notes to the amount of $2,594, and also two certificates or receipts given by Seth Beach, as Receiver of said bank, to R. D. Hill for notes of the bank received by said bank of said Hill, amounting to $1,002, which were transferred to said Wheeler by said Hill. That an injunction was issued according to the prayer of said bill against the several defendants therein named; that the complainants in this suit appeared in said cause and filed their demurrer to the bill of complaint therein, that said demurrer is overruled, and they were required to answer said bill in twenty days after service of the order granted for that purpose, which service was made on or about the 23d day of April, 1841. That Wheeler in his bill omitted to state how, or at what time he became possessed of the notes and certificates therein mentioned, or the consideration, if any, paid for the same. Charges that defendant did not obtain possession of them until long after the bank stopped payment,

and that if he is the *bona fide* owner, he obtained them for much less than their face, and that if said receipts have been transferred to him it was in trust for said Hill or some other person; and if any consideration was paid, it was merely colorable. That said bills were bought up by said Wheeler, or said Hill, or some other person, on speculation after the bank had stopped doing business, and that if any thing is realized by said Wheeler under his said bill, it is to be shared between himself and some other persons according to some stipulations entered into when the notes and receipts were obtained by him. Prays a discovery from Wheeler to enable the complainants to make their defence to his bill.

The defendant demurred specially.

E. C. SEAMAN, in support of the demurrer.

1. The complainants have not made such a case as entitles them in a court of equity to a discovery, and that the discovery sought would be immaterial, and could not avail complainants for the purpose they intend to use it for.

2. So much of their bill as relates to the consideration paid by defendant, and any agreement relating to the bills and receipts whereby Hill was to retain any share of the proceeds, can be sustained only on the ground of champerty and maintenance, which would subject defendant to a forfeiture which complainants have not waived.

3. The matters sought to be discovered relate exclusively to defendants title, and cannot affect complainant's liability ; and the interrogatories founded thereon are indefinite, hypothetical and impertinent, and a mere fishing proceeding, enquiring through idle curiosity into what does not concern the complainants or either of them.

T. ROMEYN, contra.

I. In support of the cross bill the complainants therein contend that they have a right to the discovery of the title of the defendant to the demand in dispute.

If the defendant be not in fact the equitable and beneficial owner of these demands, his original bill must fail for want of parties—this court requiring in all cases the parties interested in the object of the suit to be before it.

This rule is especially rigid so far as the rights of a complainant are concerned; the court compelling the true party to be before it even where there has been an assignment subsequent to the commencement of the suit. *Mills* vs. *Hoag*, 7 *Paige R.* 21 ; *Sedgwick* vs. *Cleaveland*, 7 *Paige R.* 289. On these general principles we contend that the enquiry as to the title of the defendant is material and proper.

We further claim that this is the case under the Statute, upon which the original bill is founded.

The Statute of 1839 (*p.* 94) is the only source of jurisdiction and guide to procedure in this case ; the remedy at law being complete and the original bill (even if this court had jurisdiction independent of the statute) being multifarious and otherwise bad.

The statute in question gives the remedy to the creditor of the corporation. See *Laws of* 1837, *p.* 306-7 ; *Laws of* 1839, *p.* 102.

Hence the propriety of the enquiry as to the title of the complainant in the original bill.

This enquiry is material.

1st. Under the Statute—because it declares that none but a creditor shall sue.

2d. There may be equities between other actual creditors, and the defendants which will be defeated by allowing a trustee to sue.

The propriety of making the bona fide creditor the complainant is farther evident from the next subject of enquiry in the cross bill—which is as to the consideration paid by the complainants in the original bill for the claims against the defendant.

I1. The complainants in the cross bill further contend that they have a right to the discovery of the amount paid by the defendant for the demands on which he seeks to recover in his original bill of complaint.

The proposition is that the complainant in the original bill can be treated in this court as a creditor only to the amount which he actually paid for the demands which he seeks by that bill to enforce.

I assume that the original bill must be considered as filed for the benefit of all the creditors of the bank, and that the monies received under the decree must be considered as a common fund for the benefit of all the creditors.

First Circuit.

Cook.
vs.
Wheeler.

FirstCircuit.    Reference is made to the Statute of 1839 and to the argument of
Cook.        the defendant's counsel in the case of *Piquette* vs. *Risdon, et. al.,* di-
*vs.*        rectors of the Bank of Saline.
Wheeler.

By referring to section 17 of the act of 1839, *(p. 98)* we find that the receivers are made subject to all the obligations imposed by law on trustees of insolvent debtors.

In *R. S., p. 606, sec.* 1, we have a definition of this term, and in the same volume, *p.* 603, *Sec.* 8, we find a positive enactment that a petitioning creditor who shall have purchased or procured to be assigned to him a claim against the insolvent for less than its nominal amount shall be deemed a creditor to the amount only actually paid by him.

These enactments bind the receiver and this court.

And such would be the rule on general equitable principles, independent of these statutes.

Equity administers legal assets on equitable principles.   3 *Paige, R.* 167.

Equality is equity.   *Ib;* also 1 *Paige R.,* 255.

Receivers are bound to inquire into the equitable character of the debts presented to them.   4 *Paige R.,* 224.

These general principles will be found recognized and applied by Chancellor Walworth.   7 *Paige R.* 615.   See also *Edwards on Receivers,* 233.

Under these circumstances it is submitted that the enquiry as to the amount paid by the defendant for the claims which he seeks to enforce is pertinent and material.   He seeks to recover of the defendant as connected with the bank, in case the bank was legally in existence.

Is the defendant protected from the disclosure?

A number of authorities are cited by the defendant to show that he is not obliged to discover his own title.

These authorities have all reference to *real estate,* and they all rest on the principle that a party must recover on the strength of his own title, and is not entitled to any discovery of the defects of his adversary's title when such discovery does not tend to establish *affirmatively* the *plaintiff's* case.

Is this our case?   Is not the discovery we seek in *affirmance* of our own defence, just as much as a discovery of payment or satisfaction?

Concede the principle that the complainant in the original bill is to be deemed a creditor, so far only as he has paid value for his demands, and you concede this point. For if this be so, it is a part of our defence, and in what way can we examine the original complainant touching this defence but by a cross bill? *Story's Eq.*, *Pl.* 311-12.

But in truth the rules insisted on by the defendant in this cross suit grew out of the rules relatng to titles to real property, and are not applicable to this case; and if they were, they do not affect the right of the *defendant* (in the original suit) to a discovery. A defendant has a right to a discovery of the defects in the plaintiff's title. See *Hare on Discovery*, 203-4.

THE CHANCELLOR.—The original bill in this case (1.) was filed for the purpose of enforcing the liability of the defendants in that case, a part of whom are the complainants in this cross bill, as directors and stockholders of the Clinton Canal Bank, an institution organized under the general banking law of this state. In order to arrive at a result upon the questions presented upon this demurrer it will be necessary to give a construction to the provisions of the statute bearing upon this class of corporations.

By the 25th section of the original act, *Laws of* 1837, *p.* 84, and by the 21st section of the amendatory act, *Laws of* 1838, *p.* 32, the directors are made liable for the amount which an insolvent institution organized under these acts may be indebted, and the stockholders are secondarily made liable for the debts of any such insolvent institution in proportion to the amount of stock of any such stockholders.

The 42d section of the act of 1839, *page* 102 *of the Laws of that year*, provides that whenever any creditor of a corporation shall seek to charge the directors, trustees or other superintending officers of such corporation or the stockholders on account of any liability created by law, he may file his bill for that purpose in the court of chancery.

By the act under which this bank was organized the liabilities of the directors and stockholders were fixed. The act of 1839 prescribed the mode in which a creditor may enforce this liability.

The original bill in this case seeks to charge the directors and stock-

FirstCircuit. holders as such under the act, or in the alternative as partners frau-
dulently combining under color of the general banking law.

Cook.
vs.
Wheeler.

For the purpose of a defence to the original bill the discovery sought by the cross bill is immaterial. The statute makes the directors and stockholders liable for all deficits in consequence of the insolvency of the bank.

If the defendants are fraudulent copartners, they are equally liable for the entire amount of the indebtedness of the concern. It is not alleged that the money is not actually due from the defendants, and the mere fact, from the course pursued by the stockholders and officers of the bank, their notes had become depreciated in the market would not discharge them from their liability, which is for the entire amount of the indebtedness of the concern.

It is not alleged that the complainant is not the assignee of the certificates, but it is alleged that if he is the assignee of the certificates, and holder of the bills he holds them as trustee for Hill, or some other person or persons. Where the object of the bill is merely to collect money or reduce it to possession, it is not necessary for an assignee either of a bond, note or chose in action to make the *cestui que trust* parties, although the rule is otherwise where the existence or enjoyment of trust property is to be affected by the prayer of the suit. *Calvert on Parties* 17, *Law Library* 212.

There is no pretence that the amount claimed by the bill is not due and I do not perceive how the discovery sought for by the cross bill can constitute a defence.

Demurrer allowed.

(1.) This case should have succeeded the case of *Wheeler vs. Clinton Canal Bank et. al.*, on page 449, instead of preceding it, that being the original and this the cross suit.